**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVON WILLIAMS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 26-44 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **MR. SISSEM, et al.,** | ) | **Chief Magistrate Judge Richard Lanzillo** |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

Plaintiff Devon Williams, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis* [ECF No. 1] with an attached *pro se* complaint [ECF No. 1-2] against four SCI-Forest staff members: Superintendent Sissem, Psychological Services Specialist Cowan, Deputy Superintendent for Facilities Management J. Blicha, and Deputy Superintendent for Centralized Services I. Gustafson. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In his pending complaint, Plaintiff alleges that his placement in SCI-Forest's Step-Down Unit Program from October 2, 2025 to December 13, 2025 subjected him to "double jeopardy, discrimination, and extreme hardship" in violation of his constitutional rights. (ECF No. 1-2, at Sections II.B, IV.E). He seeks compensatory and punitive damages of $50,000 each, abolition of the Step-Down Unit Program, and the costs of suit. (Id. at Section VI).

On August 7, 2026, Chief Magistrate Judge Lanzillo issued a Report and

Recommendation [ECF No. 6], recommending that this action be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), as follows: (1) Plaintiff's double jeopardy claim and his claim for monetary damages against Defendants in their official capacities should be dismissed with prejudice; (2) Plaintiff's claim for injunctive relief should be dismissed without prejudice; and (3) Plaintiff's procedural due process, equal protection and Eighth Amendment claims should be dismissed without prejudice to Plaintiff's right to file an amended complaint within 30 days to correct the deficiencies of such claims as set forth in the R&R. Objections to the R&R were due to be filed by August 24, 2026; however, no timely objections have been received by the Court.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 22nd day of September, 2026;

IT IS HEREBY ORDERED that this case is DISMISSED pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim, as follows: (1) Plaintiff's double jeopardy claim and his claim for monetary damages against Defendants in their official capacities are DISMISSED with prejudice; (2) Plaintiff's claim for injunctive relief are DISMISSED without prejudice; and (3) Plaintiff's procedural due process, equal protection, and Eighth Amendment claims are DISMISSED without prejudice to Plaintiff's right to file an amended complaint to cure the deficiencies of such claims, as noted in the R&R, within thirty (30) days of the date of this Order. In the event Plaintiff fails to file an appropriate amendment within such time, the Court's dismissal of Plaintiff's complaint will be converted to a dismissal with prejudice, and this case will be dismissed without further notice. The report and

recommendation of Chief Magistrate Judge Lanzillo, issued August 7, 2026 [ECF No. 6], is adopted as the opinion of the court.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief United States Magistrate Judge